UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADIA ALQUAHWAGI, on behalf of Herself and
as Personal Representative of The Estate of
Mohammed Khairi,

    Plaintiff,

v.                                                     Case No. 14-13691

SHELBY ENTERPRISES, INC, a Michigan
corporation, and THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
STRIKE FIRST AMENDED COMPLAINT**

Now before the court is Defendant Shelby's motion to strike Plaintiff's First Amended Complaint, filed on April 22, 2015. (Dkt. # 20). Defendants[1] request that the court strike First Amended Complaint (Dkt. # 19) for its failure to seek a review of Defendant Prudential's administrative denial of ERISA benefits in accordance with *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998). (Dkt. #20, Pg. ID 110.) The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, Defendant's motion to strike will be denied.

**I. BACKGROUND**

---

[1] On April 24, 2015, Defendant Prudential filed a concurrence in the motion. (Dkt. # 21).

On September 24, 2014, Plaintiff Alquahwagi filed an action on behalf of herself and the estate of her decedent husband, Mohammad Khairi, against Defendants Shelby Enterprises, Inc. and The Prudential Insurance Company of America. (Dkt. # 1.) Khairi was employed by Shelby until his death, and Shelby provided Khairi with the option to enroll in a term life insurance policy with Prudential as an employee welfare benefit, as well as an option to obtain additional optional life coverage. (Dkt. # 1, Pg. ID 3.) Plaintiff's original complaint alleged that Khairi applied for and completed the necessary paperwork to enroll in the life insurance plan, and that Defendant Shelby accepted Khairi into the plan and deducted premium payments until Khairi's death, four weeks later. (*Id.*) Plaintiff alleged that: (1) Defendants denied existence of life insurance coverage, the denial of which constituted breach of contract and denial of benefits under 29 U.S.C. § 1132(a)(1)(B) (Dkt. # 1, Pg. ID 3-5); (2) the denial of benefits constituted negligence in Defendant's legal duty to act in good faith with respect to the insurance coverage (*Id.*, Pg. ID 5); (3) the denial of benefits constituted a breach in duty to Plaintiff, as a third party beneficiary of the insurance plan (*Id.*, Pg. ID 6); (4) Plaintiff is entitled to attorneys' fees and costs under 29 U.S.C. § 1132(g) (*Id.*, Pg. ID 7-8); and (5) Defendants are estopped from denying coverage and benefits on the ground that Khairi reasonably relied on Defendant Shelby's deduction of plan premiums as a representation of Defendant Shelby's acceptance and issuance of the plan and insurance. (*Id.*, Pg. ID 8-10.)

On October 5, 2011, Plaintiff had filed an action against Defendants in state court asserting similar claims. (Case No. 11-14826, Dkt. # 1-1.) Defendants removed the case to federal court on the grounds that the case is governed by the Employee

2

Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Case No. 11-14826, Dkt. # 1, Pg. ID 3.) Plaintiff moved to remand the case to state court on the ground that the plan fell under ERISA's "safe harbor" provisions and her state law claims were, therefore, not preempted by federal law. (Case No. 11-14826, Dkt. # 15, Pg. ID 55-57.) The Honorable Gerald E. Rosen issued an order finding that the insurance plan did not fall under ERISA's "safe harbor" provisions and was not exempt from ERISA. (Case No. 11-14826, Dkt. # 20, Pg. ID 275.) The case was administratively closed without a determination of the merits and it was remanded to the plan administrator for determination of Plaintiff's claim for benefits. (*Id.*, Pg. ID 278.) The order stated that Plaintiff may re-open this case after she has fully exhausted her administrative remedies. (*Id.*).

On March 31, 2015, the court deemed the instant case to be an extension of Case No. 11-14826, and took notice of that case's docket. (Case. No 14-13691, Dkt. # 18, Pg. ID 97-98.) The court noted that the administrative remedies appear to have been fully exhausted. (Dkt. # 18, Pg. ID 98.) The court then granted Plaintiff permission to file the amended complaint now at issue before the court. (*Id.*) The amended complaint reasserts that Defendants the denied existence of Plaintiff's life insurance coverage, which constituted breach of contract and denial of benefits under 29 U.S.C. § 1132(a)(1)(B) (Dkt. # 19, Pg. ID 101-103); that Plaintiff is entitled to attorneys' fees and costs under 29 U.S.C. § 1132(g) (Dkt. # 19, Pg. ID 103-104); and that Defendants are estopped from denying coverage and benefits on the ground that Khairi reasonably relied on Defendant Shelby's deduction of plan premiums as a representation of Defendant Shelby's acceptance and issuance of the plan and insurance. (Dkt. # 19, Pg.

ID 104-106.)

Plaintiff no longer asserts the negligence and breach of duty claims from the original complaint. Defendants now seek to strike the amended complaint. (Dkt. # 20, Pg. ID 107.)

## II. STANDARD

Pursuant to Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It is "well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Immaterial matters include, for example, requests for relief which are not available under the applicable law. *Helwig v. Kelsey-Hayes Co.*, 907 F.Supp. 253, 256 (E.D. Mich. 1995), *abrogated on other grounds in* Hill v. Blue Shield of Mich., 299 F.Supp.2d 742, 751 n. 7 (E.D. Mich.2003). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown*, 201 F.2d at 822.

## III. DISCUSSION

Defendants ask that the court strike Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(f). (Dkt. # 20, Pg. ID 107.) Defendant states that the complaint fails to seek a court review of Defendant Prudential's administrative denial of benefits in accordance with the guidelines set forth in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998). (Dkt. # 20, Pg. ID 110.)

4

Beneficiaries looking to recover benefits under an ERISA-governed employee welfare benefit plan are limited in their avenues for relief. ERISA sets up a comprehensive civil enforcement scheme, which is the exclusive vehicle for ERISA-plan participants and beneficiaries to bring a civil action. 29 U.S.C. § 1132; *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53-54 (1987). A plan beneficiary may sue to recover benefits due under the terms of the plan and to enforce rights under the plan. 29 U.S.C. § 1132(a)(1)(b). Additionally, the court may, at its discretion, allow reasonable attorneys' fee and costs of action to either party. 29 U.S.C. § 1132(g).

The life insurance plan at issue is governed by ERISA. (*See* Case No. 11-14826, Dkt. # 20, Pg. ID 272-75) (holding that there is substantial evidence of Shelby's endorsement of the plan and the plan therefore fails to satisfy the third of four necessary criteria to be exempted under ERISA).[2] Plaintiff's avenues for relief are therefore limited to those established in § 1132. In her First Amended Complaint, Plaintiff exclusively states claims which are permissible under ERISA's civil enforcement scheme. First, Plaintiff's claim that defendants denied benefits due under the terms of the plan, and her claim for attorney fees, are specifically provided-for in the ERISA civil enforcement provisions. 29 U.S.C. §§ 1132(a)(1)(B), 1132(g). Second, the Sixth Circuit has held that ERISA does not preclude the application of equitable estoppel in employee welfare plans. *See Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1300 (6th Cir. 1991), *abrogated on other grounds by M & G Polymers USA, LLC v. Tackett,* 135 S.Ct. 926 (2015); *Haviland v. Metropolitan Life Ins. Co.*, 730 F.3d 563, 578 (6th Cir. 2013) ("In this

---

[2] Plaintiff does not contest that the plan is administered under ERISA.

circuit we treat the theories of promissory estoppel and equitable estoppel interchangeably, and under certain circumstances, a plan participant may state an ERISA claim for benefits under either theory.").

In ERISA cases, the role of the reviewing federal court is to determine whether the administrator made a correct decision. *Perry v. Simplicity Engineering*, 900 F.3d 963, 966 (6th Cir. 1990). In doing so, the court takes a fresh look at the administrative record but does not consider new evidence or look beyond the record that was before the administrator. *Wilkins*, 150 F.3d at 616; *see also id.* at 615 ("[T]he district court was confined to the record that was before the Plan Administrator."); *Rowan v. Unum Life Ins. Co.*, 119 F.3d 433, 437 (6th Cir.1997) ("[T]he district court's resolution of [the disputed] issues must be based solely on the administrative record . . . .").

Defendant's primary contention is that Plaintiff does not specify in the First Amended Complaint that the court should conduct a review consistent with *Wilkins*. However, failing to state that the court's review is limited to the administrative record does not render the First Amended Complaint "redundant" or "immaterial," *Helwig*, 907 F.Supp. at 256, or "[without any] possible relation to the controversy," *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. Therefore, the complaint does not contain an error which warrants granting Defendants' motion to strike.

Defendant in the alternative requests that the court specify that Plaintiff's only avenue for relief is through proceedings conducted in accordance with *Wilkins*. Adherence to prior decisions of the Sixth Circuit is the rule, and prior decisions remain controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or the Sixth Circuit sitting en banc overrules the

prior decision. *Kerman v. C.I.R.*, 713 F.3d 849, 866 (6th Cir. 2013). It is therefore not necessary for the court make such a specification.[3]

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's Motion to Strike Plaintiff's First Amended Complaint (Dkt. # 20) is DENIED.

                                s/Robert H. Cleland  
                                ROBERT H. CLELAND  
                                UNITED STATES DISTRICT JUDGE

Dated: August 19, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2015, by electronic and/or ordinary mail.

                                s/Lisa Wagner  
                                Case Manager and Deputy Clerk  
                                (313) 234-5522

---

[3] Plaintiff does not contest that the court's review of the plan administrator's denial of benefits should be based on the record that was before the plan administrator.